TOM DOYLE *v.* D. R. BEARD, &c.

**Election—Officers—Rejection of Vote—Error—Not Responsible—Construction of Law.**

The constitutionality of a law enacted by the Legislature is a judicial question to be determined by the courts, and the judges of an election are not called upon to decide the question.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

December 12, 1871.

OPINION OF THE COURT BY JUDGE PRYOR:

We perceive no error in the action of the court below in sustaining the demurrer to appellant's petition. In this case the appellees, who were the judges of the election, were called upon to decide the constitutionality of a law enacted by the Legislature, and applicable to the town. of Hopkinsville, by which no man is allowed to vote for councilman, &c., without first hav· ing paid his taxes. It was a judicial question and one which appellant's counsel say has not been determined by this court. It is hardly to be presumed that these judges of the election would take it upon themselves to adjudicate upon such an important question. It is true that the petition alleges that they willfully and knowingly refused the appellant a vote, but the appellant further alleges that it was, *for the unlawful and unconstitutional reason that he, the plaintiff, had not paid his taxes to the proper officer,* due the city for the year 1870, in other words, the wrongful act of the appellees consisted in their refusal to regard this legislative enactment in regard to the town of Hopkinsville unconstitutional. The question presented was purely a judicial one, and to make them responsible for an error of judgment, (if any was committed) would be both unjust and impolitic. The constitutional question made in the argument does not arise upon the face of the petition for the reasons already indicated. The judgment of the court below is affirmed. Morgan vs. Dudly, 18 B. Monroe, 711. Crisman vs. Bruce, 1st Duvall, page 63.

*Feland & Evans, A. H. Clark, for appellant.*
*Jno. Phelps, for appellees.*

RESPONSE TO THE PETITION FOR REHEARING:

This court recognizes the opinion and principles in the case of Crisman vs. Bruce, as good law, and in the opinion delivered in the present case, referred to that case as authority, but wo cannot regard a defective pleading as good, upon demurrer, for the purpose of deciding a constitutional question. In Crisman vs. Bruce, this court says: *"In passing upon the qualifications of a person offering to vote, the judge of the election acts judiciously, and that no judge should be held responsible for a mere error of judgment in the discharge of his official duties, but where the citizen has been deprived of his right by the judge willfully and knowingly he is entitled to redress."* The allegation in appellant's petition in the present case, that the appellees, as judges of the election, willfully and knowingly refused the appellant the right to vote, when he was a citizen and entitled to vote, of which fact they were cognizant, presented a good cause of action, but the appellant further alleges in substance *"that this willful refusal, &c., was based upon the unlawful and unconstitutional reason, that plaintiff had not paid his town taxes, &c."* There is a law applicable to the town of Hopkinsville denying the citizen the right to vote, who had not paid his taxes. This law is conceded to exist by counsel on both sides, and whether conceded or not, would be taken judicial notice of by this court.

Now the petition having set forth the facts constituting this willful act on the part of the appellees, it is for this court to determine whether the facts set forth do constitute a wrong on the part of appellees. If A charges B with fraud and alleges the facts constituting the fraud, if these facts presented do not amount to fraud the pleaded allegation that they constitute fraud amounts to nothing. The petition discloses the fact that the willful acts, considered in this case in refusing to disregard what plaintiffs say, was an unconstitutional law. Now this court adjudges that their failure to disregard the law if unconstitutional, is no willful act, for the reason that the question was a judicial one, and no action can be maintained in such a case, upon such a state of facts. If these judges had been advised by every lawyer in the state that the act was unconsti-

tutional and they had disregarded their opinions, no action could be maintained against them, and even if they had expressed the opinion themselves, that it was unconstitutional and refused the appellant the right to vote, the action could not be maintained. The case in 1st Duvall is maintained upon the alleged fact that the judges of the election required the voter to make responses to questions, the law did not authorize them to propound, and refused his vote, because he did not respond as they descried. In the case of Crisman, &c., the petition alleges *"that he was required to swear that he had not been in the service of the Confederate States, &c.,"* and that the act of the Legislature was unconstitutional and void requiring this oath, &c. If the pleader had stopped here, his petition would not have been good, because the Legislature had passed the law and the constitutionality of the act was purely a legal question, and if the judges had known it was unconstitutional and refused the vote they would not have been liable. But this petition goes on to allege that the judges required him to answer other questions viz: whether he was in favor of furnishing men and money, and upon his not making a favorable response, refused his vote, and this after he had complied with the requirements of the law by taking the oath prescribed by law. In the case of Crisman the unfavorable response of the voter to an interrogatory unauthorized by law, and his being refused a vote therefor made the petition good and authorized a recovery or reversal, and that case fully and in every particular sustains this court in the opinion delivered in the present case.

The petition is overruled.

*Feland & Evans,* for appellant.
*Jno. Phelps,* for appellee.